FILED
MAY 19 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **NATASHA COPELAND,**<br>**Plaintiff,** | §<br>§<br>§ | |
| **v.** | § | A10CA338 SS<br>**Civil Action No.**______ |
| | § | |
| **CITY OF KILLEEN, AND**<br>**ADAM ORTIZ, EMPLOYEE OF CITY**<br>**OF KILLEEN POLICE DEPARTMENT,**<br>**INDIVIDUALLY AND JOINTLY**<br>**Defendants.** | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**A. Parties**

1. Plaintiff, Natasha Copeland, is an individual that is a citizen under the laws of the State of Texas.

2. Defendant, City of Killeen, a Municipal Corporation, may be served by delivering a copy of the summons and of the complaint to the City Manager, Connie Green, at 101 N. College Street, Killeen, Bell County, Texas.

3. Defendant, Adam Ortiz, an individual and a citizen of the State of Texas, may be served with process at 402 North 2nd Street, Killeen, Texas 76541.

**B. Jurisdiction**

4. The court has jurisdiction over the lawsuit because the suit arises under Excessive Force, a violation of 42 U.S.C. § 1983.

**C. Venue**

5. Venue is proper in this district under 28 U.S.C. *§1391(a)(2)* because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**D. Conditions Precedent**

6. All conditions precedent have been performed or have occurred.

**E. Facts**

7. On or about May 23, 2008, Plaintiff's minor child was on his way home from school when he was assaulted by several students. When Plaintiff's minor child arrived home, she noticed that he had red marks on his face, his voice was muffled, his mouth was bleeding, and he had several lacerations on his arm. Plaintiff initially contacted the police department to report the incident; however, her son was terrified at the possibility of being assaulted again if he reported the incident. Plaintiff and her son decided to confront the students at their parents' home. Upon arriving at one of the boy's homes, she noticed a large group of people standing outside and heard them say "*there he is*," fearing for the safety of her son she told him to go home. Plaintiff then stepped in front of an individual coming straight at her son to protect him from being further assaulted. Defendant Adam Ortiz, a police officer for the City of Killeen Police Department had arrived at the scene to investigate the incident; and it was he who rushed toward the Plaintiff's son but he did not identify himself as a police officer as he approached the Plaintiff and her son. Plaintiff could not clearly see that he was wearing a uniform because she was not wearing her glasses. Plaintiff suffered personal injuries when Defendant Adam Ortiz, suddenly and without warning knocked Plaintiff to the ground and dragged her before he twisted her left arm which was in a sling due to a work injury behind her back, pepper-sprayed, and then placed her into handcuffs behind her back. Plaintiff told the officer that she had injured her arm and it was in a sling as prescribed by her physician. She also told the officer that she could not put her left arm behind her back, but he continued the twist and pull it behind her and ultimately

hand cuffed her arms behind her back. Because of the excruciating pain Plaintiff lost consciousness, she was then taken to the hospital for emergency medical treatment.

8. Plaintiff was arrested by Adam Ortiz, who was acting in the course and scope of his employment as a peace officer for the City of Killeen Police Department.

9. Defendant Adam Ortiz used unreasonable, unnecessary, and excessive force while arresting and detaining Plaintiff. Defendant Adam Ortiz, knocked Plaintiff to the ground, dragged her and pepper sprayed her face and eyes before he twisted her left arm behind her back, and then placed her into handcuffs. He at no time verbally stated he was a police officer to Plaintiff before he knocked her to the ground.

10. The injuries suffered by Plaintiff were significant, substantial, and severe.

11. At the time of the arrest, Defendant was acting under color of the laws and regulations of the State of Texas and City of Killeen Police Department. The City of Killeen Police Department had a policy in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. By encouraging misconduct by failing to adequately supervise, discipline or train its employees and/or agents.

**F. Count 1 – Violation of Constitutional Rights**

12. The exercise of this established policy violated Plaintiff's clearly established rights under the U.S. Constitution against the use of unreasonable, unnecessary, and excessive force.

**G. Count 2- 42 U.S.C. §1983 Claims Against Individual Defendants**

13. The officer acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights.

**H. Damages**

14. As a direct and proximate result of the officer's use of excessive force, Plaintiff suffered the following injuries and damages:

a. Medical expenses in the past and future.

b. Mental anguish in the past and future.

c. Physical impairment in the past and future.

d. Lost earning capacity in the past and future.

e. Physical pain and suffering in the past and future.

**I. Attorney Fees**

15. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

**J. Prayer**

16. For these reasons, Plaintiff asks for judgment against Defendants for the following:

a. Actual damages of $ 2,000,000.

b. Reasonable attorney fees, including Trial Court and appeals to the Court of Appeals and Supreme Court.

c. Prejudgment and post-judgment interest.

d. Costs of suit.

e. All other relief the court deems appropriate.

Respectfully submitted,

By: ______________________________

Jerry Scarbrough
State Bar Number 17717500
JWS@JerryScarbrough.org
P.O. Box 690866
Killeen, Texas 76549-0866
Tel.: (254) 634-6266
Fax.: (254) 634-0516

Attorney for Plaintiff,
Natasha Copeland